UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
HARTFORD

CASE NO.: 2:24-cv-02009

MARCO VERCH,

            Plaintiff,

v.

PORTLAND AUTOMOTIVE, INC.,

            Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff MARCO VERCH by and through his undersigned counsel, brings this Complaint against Defendant PORTLAND AUTOMOTIVE, INC. for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff MARCO VERCH ("Verch" or "Plaintiff") brings this action for violations of his exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Verch's original copyrighted Work of authorship after removal of his copyright management information, and addition of false copyright management information.

2. Verch is a photographer from Cologne, Germany. He has been working as a photographer for many years and enjoys taking pictures of scenery from his travels, sporting events, food, flowers, cars, drones and more. He also takes photos for advertisements and fundraising campaigns.

3. Defendant PORTLAND AUTOMOTIVE, INC. ("Portland Auto" or "Defendant") is a local auto repair company based in Portland, CT. The corporation has been owned by Michael Turner since 1992. At all times relevant herein, Portland Auto owned and operated the

Facebook account located at the URL https://www.facebook.com/PortlandAutomotive/ (the "Facebook Account").

4. Verch alleges that Defendant copied his copyrighted Work from the internet in order to advertise, market and promote Defendant's business activities.

## JURISDICTION AND VENUE

5. This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7. Defendant is subject to personal jurisdiction in Connecticut.

8. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Portland Auto engaged in infringement in this district, Portland Auto resides in this district, and Portland Auto is subject to personal jurisdiction in this district.

## DEFENDANT

9. Portland Automotive, Inc. is a Connecticut corporation, with its principal place of business at 131 Marlborough St, Portland, CT, 06480, and can be served by serving its Registered Agent, Michael A. Pease, at 435 Buckland Rd, South Windsor, CT 06074.

## THE COPYRIGHTED WORK AT ISSUE

10. In 2018, non-party Jernej Furman created the photograph entitled "Car-with-easter-egg-on-roof," which is shown below and referred to herein as the "Work."



11. Jernej Furman subsequently transferred all rights in the Work to Plaintiff Verch.

12. Verch registered the Work with the Register of Copyrights on March 14, 2020, and was assigned registration number VA 2-200-134. The Certificate of Registration is attached hereto as **Exhibit 1**.

13. Verch published the Work on March 26, 2018, by displaying it on his Flickr page at https://www.flickr.com/photos/30478819@N08/40289444524/ (the "Flickr Page').

14. Verch also published the Work by displaying it on his CCNULL page at https://ccnull.de/foto/car-with-easter-egg-on-roof/1061162 (the "CCNULL Page").

15. At the time he published the Work on the Flickr Page and the CCNULL Page (collectively, "Verch's Accounts"). At all times, Verch offered usage rights to the public through the Creative Commons CC BY 2.0 License (the "CC License"), which allows the public to share

and adapt the Work provided that appropriate attribution was made, including appropriate credit to Verch, a link to the license, and a statement of whether any changes were made to the Work.[1]

16. Verch's display of the Work on Verch's Accounts also included copyright management information ("CMI") next to the Work in the form of Verch's name, copyright notice, and the link to the licensing terms (collectively, the "Attributions").

17. Verch's Work is protected by copyright but was not otherwise confidential, proprietary, or trade secrets. The Work in perspective, orientation, positioning, lighting, and other details is entirely original and creative. As such, the Work qualifies as subject matter protectable under the Copyright Act.

18. At all relevant times Verch was the owner of the copyrighted Work.

## INFRINGEMENT BY PORTLAND AUTO

19. Portland Auto has never been licensed to use the Work for any purpose.

20. On a date after the Work was created, but prior to the filing of this action, Portland Auto copied the Work.

21. On or about January 11, 2022, Verch discovered the unauthorized use of his Work on the Facebook Account at the URL https://www.facebook.com/PortlandAutomotive/photos/7409948535733871.

22. Portland Auto copied Verch's copyrighted Work without Verch's permission or authority.

23. After Portland Auto copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its automotive repair business.

---

[1] https://creativecommons.org/licenses/by/2.0/de/deed.en

**SRIPLAW**
CALIFORNIA ♦ GEORGIA ♦ FLORIDA ♦ INDIANA ♦ TENNESSEE ♦ NEW YORK ♦ TEXAS

24. Portland Auto copied and distributed Verch's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting its business, and in the course and scope of advertising and selling products and services.

25. Portland Auto committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

26. Verch never gave Portland Auto permission or authority to copy, distribute or display the Work at issue in this case.

27. When Portland Auto copied and displayed the Work, Portland Auto removed Verch's CMI from the Work.

28. Verch never gave Portland Auto permission or authority to remove copyright management information from the Work at issue in this case.

29. When Portland Auto copied and displayed the Work, Portland Auto added false CMI to the Work.

30. Verch never gave Portland Auto permission or authority to add false CMI to the Work.

31. Verch notified Portland Auto of the allegations set forth herein on September 16, 2024, October 1, 2024, November 25, 2024, and December 4, 2024. To date, Defendant has failed to respond to any communications.

### COUNT I
### COPYRIGHT INFRINGEMENT

32. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

33. Verch owns a valid copyright in the Work at issue in this case.

34. Verch registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

35. Portland Auto copied, displayed, and distributed the Work at issue in this case and made derivatives of the Work without Verch's authorization in violation of 17 U.S.C. § 501.

36. Portland Auto performed the acts alleged in the course and scope of its business activities.

37. Defendant's acts were willful.

38. Verch has been damaged.

39. The harm caused to Verch has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

40. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

41. The Work contains CMI in the form of the Attributions on Verch's Accounts.

42. Portland Auto knowingly and with the intent to enable, conceal, or facilitate copyright infringement, displayed the Work on the Facebook Account without any of the Attributions in violation of 17 U.S.C. § 1202(b).

43. Portland Auto distributed the Work to Facebook knowing that the CMI had been removed or altered without authority of the copyright owner or the law.

44. Portland Auto committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

45. Portland Auto caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

46. Verch has been damaged.

47. The harm caused to Verch has been irreparable.

## COUNT III
## ADDITION OF FALSE COPYRIGHT MANAGEMENT INFORMATION

48. Verch incorporates the allegations of paragraphs 1 through 31 of this Complaint as if fully set forth herein.

49. The Work at issue in this case contains false CMI.

50. Portland Auto knowingly and with the intent to enable or facilitate copyright infringement, added its CMI to the Work at issue in this action in violation of 17 U.S.C. § 1202(a) in the form of its logo embedded upon the Work, as shown below:



51. Portland Auto distributed copies of the Work to third parties which included false CMI conveyed in connection with the Work.

52. Portland Auto committed these acts knowing or having reasonable grounds to know that they would induce, enable, facilitate or conceal infringement of Verch's rights in the Work.

53. After removing CMI from the Work, Portland Auto applied its own false CMI upon the Copyrighted Work in the form of its logo placed upon the Work.

54. After applying the false CMI to the Work, Portland Auto published the Work in violation of 17 U.S.C. § 1202(a).

55. Verch has been damaged.

56. The harm caused to Verch has been irreparable.

WHEREFORE, Plaintiff MARCO VERCH prays for judgment against Defendant PORTLAND AUTOMOTIVE, INC. that:

    a. Portland Auto and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501 and 1202;

    b. Portland Auto be required to pay Verch his actual damages and Defendant's profits attributable to the infringement, or, at Verch's election, statutory damages, as provided in 17 U.S.C. §§ 504 and 1203;

    c. Verch be awarded his attorneys' fees and costs of suit under the applicable statutes sued upon;

    d. Verch be awarded pre- and post-judgment interest; and

    e. Verch be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Verch hereby demands a trial by jury of all issues so triable.

Dated: December 18, 2024              Respectfully submitted,

*/s/ Joseph A. Dunne*
JOSEPH A. DUNNE
Bar Number: CT30816
joseph.dunne@sriplaw.com

**SRIPLAW, P. A.**
41 Madison Avenue
25th Floor
New York, New York 10010
929.200.8446 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Marco Verch*